# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DONALD M. MOREY,
          Appellant,

          v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
CH-0353-16-0329-I-1

DATE: September 30, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donald M. Morey, Shevlin, Minnesota, pro se.

Melinda Varszegi, Esquire, Sandy, Utah, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2   The appellant is full-time rural carrier with the agency in Bemidji, Minnesota.[2] He filed a claim with the Office of Workers' Compensation Programs (OWCP) on May 5, 2015, stating that he injured his left shoulder while at work on April 30, 2015. The appellant received continuation of pay benefits from OWCP until that entity made a decision in October 2015 to deny his claim, determining that his condition was not related to a compensable injury. Although the agency had placed the appellant in a limited‑duty status while he was receiving continuation of pay benefits, it changed his status to "light duty" once it received notice that OWCP had denied his claim of a compensable injury. Because the appellant's medical restrictions prevented him from performing the essential duties of his rural carrier position, and (according to the agency) there was no light‑duty work available under the applicable collective bargaining agreement, the appellant was placed in an off-duty status.

¶3   The appellant sought restoration to employment as an employee who has partially recovered from a compensable injury, and presented medical evidence

---

[2] The information in this paragraph is taken from the initial decision and is not in dispute.

that he thought showed that the OWCP determination that his injury was not work related was incorrect. Initial Appeal File (IAF), Tab 1.[3] The administrative judge laid out the jurisdictional requirements for a partial-recovery restoration appeal, one of which is that the employee must have been absent from his position due to a compensable injury. IAF, Tab 7, Initial Decision (ID) at 4. The administrative judge then stated that a compensable injury is defined as one that is accepted by OWCP as job related and for which medical monetary benefits are payable from the Employees' Compensation Fund. ID at 5 (citing *Burnett v. U.S. Postal Service*, 104 M.S.P.R. 308, ¶ 8 (2004)). In light of OWCP's adverse determination, the administrative judge found that there was no evidence establishing that the appellant's work limitations were the result of a compensable injury. In light of these findings, the administrative judge concluded that the appellant failed to make a nonfrivolous allegation of facts that, if true, would confer jurisdiction on the Board. ID at 5.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶4      On review, the appellant contends that OWCP's determination that his injury was not work related, and therefore not a compensable injury, was incorrect, and submits medical evidence to dispute OWCP's determination. Petition for Review File, Tab 1. An OWCP determination that an employee's medical condition was not related to a compensable injury is "final and conclusive for all purposes and with respect to all questions of law and fact," and the Board may not review that decision. 5 U.S.C. § 8128(b)(1)-(2); *Williams v. U.S. Postal Service*, 84 M.S.P.R. 374, ¶ 6 (1999).

---

[3] The administrative judge noted that the appellant appeared to indicate that the agency took other personnel actions against him—a removal, reduction in grade or pay, separation, demotion or furlough for more than 30 days by reduction in force, and a negative suitability determination—but that the decision would not address those matters because the appellant provided no evidence to establish that any of those actions was taken. IAF, Tab 7, Initial Decision at 1 n.1.

¶5      As a result, we agree with the administrative judge's determination that the appeal should be dismissed for lack of jurisdiction because the appellant is not a partially recovered employee entitled to restoration rights.  Accordingly, we deny the appellant's petition for review.  The initial decision is affirmed.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

   If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.